Justice ALITO, dissenting.
I largely agree with what I view as the essential elements of the dissents filed by Justices SCALIA and KENNEDY. The Florida rule before us regulates speech that is part of the process of selecting those who wield the power of the State. Such speech lies at the heart of the protection provided by the First Amendment. The Florida rule regulates that speech based on content and must therefore satisfy strict scrutiny. This means that it must be narrowly tailored to further a compelling state interest. Florida has a compelling interest in making sure that its courts decide cases impartially and in accordance with the law and that its citizens have no good reason to lack confidence that its courts are performing their proper role. But the Florida rule is not narrowly tailored to serve that interest.
Indeed, this rule is about as narrowly tailored as a burlap bag. It applies to all solicitations made in the name of a candidate for judicial office-including, as was the case here, a mass mailing. It even applies to an ad in a newspaper. It applies to requests for contributions in any amount, and it applies even if the person solicited is not a lawyer, has never had any interest at stake in any case in the court in question, and has no prospect of ever having any interest at stake in any litigation in that court. If this rule can be characterized as narrowly tailored, then narrow tailoring has no meaning, and strict scrutiny, which is essential to the protection of free speech, is seriously impaired.
When petitioner sent out a form letter requesting campaign contributions, she was well within her First Amendment rights. The Florida Supreme Court violated the Constitution when it imposed a financial penalty and stained her record with a finding that she had engaged in *1686 unethical conduct. I would reverse the judgment of the Florida Supreme Court.

Yulee also contended that she had not violated Canon 7C(1), which applies to "a judicial office that is filled by public election between competing candidates," because the incumbent judge had not declared his campaign for reelection at the time she sent her solicitation letter. She has since abandoned that argument.